888 F.2d 1393
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony D. ZAHLER, Plaintiff-Appellant,
v.
The CITY OF DETROIT, a Michigan corporation, and Police
Officer Marshall L. Dennis, II, Karen Patton, John
Doe I and John Doe II, individually and
in their official capacity,
Defendants-Appellees.
 No. 89-1009.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Anthony Zahler appeals the district court's dismissal of this action for failure to cooperate in discovery under Fed.R.Civ.P. 37(d).
 
 I.
 
 2
 On February 18, 1988, Anthony Zahler was stopped by two Detroit police officers for running a red light. What occurred next is in dispute. Zahler maintains that he was punched in the nose by the arresting officer. He claims he then fled to the nearby police mini-station, where he was pursued and beaten by several officers. He further claims he was taken to the hospital in police custody, shackled to a hospital bed and detained for about 24 hours without being permitted to make a phone call. He maintains that he was forced to sign statements under duress. The City of Detroit (City) maintains that Zahler grabbed the arresting officer's arm when he was being handed a ticket causing the officer to hit his head on the car, and that Zahler was subsequently arrested while attempting to flee.
 
 
 3
 On March 2, 1988, Zahler filed a civil rights action under 28 U.S.C. 1983 in the United States District Court for the Eastern District of Michigan, Judge Suhrheinrich presiding. He alleged that he was subjected to false arrest and excessive force by members of the Detroit Police Department. On March 23, 1988 a warrant was issued for Zahler's arrest for assault and battery of a police officer. A criminal trial ensued. Zahler was subsequently acquitted, and in fact the criminal trial judge found that an officer had punched Zahler in the nose. Zahler maintains that the criminal charges were filed in retaliation for the civil suit.
 
 
 4
 On June 20, 1988, an interim status conference for the instant action was held before Judge Suhrheinrich. Counsel for Zahler claims that he was told by the court that Zahler's deposition and answers to interrogatories could be postponed until resolution of the criminal matter. The City claims that the court did not excuse Zahler from discovery but that the judge commented that "what's good for the goose is good for the gander." This conference was not on the record.
 
 
 5
 Both parties filed interrogatories and notices of deposition from April to June. Neither showed up for the other party's depositions. Zahler obtained answers to his interrogatories only after filing a motion to compel discovery. Zahler returned answers to interrogatories only after the City had filed a motion to compel. The district court charged the City with bad faith in answering the interrogatories and threatened sanctions if the City did not make a good faith effort to answer the interrogatories. The court also noted that both parties had failed to comply with the requirements of the rule calling for a prehearing meeting and stipulation of issues.
 
 
 6
 Before the conclusion of the criminal trial the City scheduled two depositions for Zahler, neither of which he attended. The City also scheduled two medical examinations for Zahler. Zahler claims that the City was notified of his inability to attend one examination, and that he failed to attend the other because he got lost on the way there.
 
 
 7
 On September 9, 1988 the City filed motions to compel discovery and to dismiss for failure to cooperate in discovery. On September 21, 1988, the City received Zahler's answers to interrogatories. Zahler claims that upon receipt of the interrogatories, a clerical employee of the City telephoned him and informed him that all of "the motions" had been withdrawn. Counsel for Zahler understood this to mean that the motion to dismiss had also been withdrawn. Zahler failed to enter a stipulation of facts before the hearing on the motion to dismiss because he believed it had been withdrawn. However, this was incorrect and the motion was scheduled for hearing at 9:15 a.m. on October 5, 1988. When counsel for Zahler learned of this on October 4, 1988, he informed the court he had to appear in state court at 8:30 a.m. and would be late for the hearing in the instant case. He was told by the judge's clerk that his delay would not be a problem.
 
 
 8
 On the morning of the hearing the court was informed that Zahler's counsel would arrive in 10 minutes. When after 20 minutes he had not arrived, the Magistrate heard the defendant's argument and dismissed the case. The Magistrate's report states that the case was dismissed because Zahler had fragrantly refused to cooperate in discovery by failing to appear for deposition and medical examinations, and by failing to file answers to interrogatories until one week before the cut-off date. Zahler moved for rehearing, and Magistrate Morgan denied the motion without a hearing.
 
 
 9
 On November 25, 1988, the district court accepted and adopted the Magistrate's report and entered judgment granting the City's motion to dismiss under Fed.R.Civ.P. 37(d). The district court also stated in its order of dismissal that it had never excused Zahler from discovery, and noted that Zahler failed both to apply for a protective order and to amend the discovery order to conform with his fifth amendment concerns regarding the criminal charges.
 
 II.
 
 10
 Zahler claims that the district court abused its discretion in dismissing the action because his failure to comply with discovery was not due to willfulness, bad faith or fault. Under Rule 37 of the Federal Rules of Civil Procedure, when a party fails to comply with discovery, the court may make such orders "as are just." Dismissal of an action for failure to comply in the discovery under Rule 37(d) is reviewed on appeal for abuse of discretion. Regional Refuse Systems Inc. v. Inland Reclamation Co., 842 F.2d 150 (6th Cir.1988). Furthermore, "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." Id., at 154. The court stated:
 
 
 11
 Among the factors to be considered in reviewing the imposition of sanctions for an abuse of discretion, the appellate court should consider: (1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (2) whether the dismissed party was warned that failure to cooperate would lead to dismissal, and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered.
 
 
 12
 Id. at 155.
 
 
 13
 The district court dismissed the instant action pursuant to Rule 37(d) because it found that Zahler had failed to: 1) sign authorizations and answer interrogatories timely, having filed them two weeks after the filing of the City's motion to dismiss and one week prior to the discovery cut-off date; 2) appear for three properly noticed depositions on April 21, June 22 and September 7, 1988; 3) to appear for two properly scheduled independent medical examinations. The district court also found that the City had been prejudiced because it had been forced to prepare witness lists and trial strategy without the benefit of discovery.
 
 
 14
 Zahler claims he failed to attend depositions because he was under the misunderstanding that he had been excused by the court, that he never received the authorizations that the City claims he refused to sign, and that he failed to attend the medical examinations because he either wasn't given adequate notice or he got lost. Zahler further argues that he reasonably assumed that a protective order was unecessary because he thought the district court had granted him permission to postpone discovery, and because his counsel wrote a letter to the City which explained that he would not produce Zahler for deposition, and asked the City to inform him if a protective order was necessary. The City never responded to his letter.
 
 
 15
 Engaging in the first prong of the Regional Refuse analysis, we find that it is unfair to focus only on prejudice to the City because Zahler too had to prepare witness lists without the benefit of discovery, and because both parties failed to attend depositions and answer interrogatories timely. Addressing the second prong, we find that although the court's scheduling order made Zahler aware that failure to comply could result in sanctions, the court did not specifically warn him that his postponement of depositions and his delay in answering interrogatories was sanctionable as a failure to cooperate in discovery.
 
 
 16
 The final prong of the Regional Refuse analysis requires us to inquire whether less drastic sanctions were imposed or considered before dismissal was ordered. Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that maybe imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith or fault. Patton v. Aerojet, 765 F.2d 604 (6th Cir.1985). The magistrate's report in this case recommended dismissal, but also stated that if the case were not dismissed, Zahler could be assessed costs for no-show fees incurred by the City with regard to the medical examinations and depositions. The district court decided that dismissal was warranted by the facts, and it did not consider lesser sanctions. We find that Zahler's failure to comply with discovery was not willful or in bad faith thus, we conclude that dismissal of the action was not warranted.
 
 III.
 
 17
 For the above stated reasons, the judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation